UNITED STATES DISTRICT COURT

DISTRICT OF WASHINGTON DC

NEW COLUMBIA

Jared S. Fogle,
James Nathan Fry,
Frank Edwin Pate,
**Plaintiffs**

**vs.**

Judge Tanya Walton-Pratt,
Judge Flaum,
Judge Manion,
Judge Alonso,
AUSA Steve DeBrota,
Jeremy Margolis,
Andrew DeVooght,
        FOGLE DEFENDANTS

Judge Richard Kyle,
Judge Colloton,
Judge Bright,
Judge Shepherd,
AUSA James Alexander,
AUSA Kimberly Svendsen,
AUSA Robert Lewis,
AUSA Timothy Rank,
AUSA Joseph Dixon, AUSA John Docherty,
FBI SA Ruth Hovey,
IRS Agent Kathy Klug,
        FRY DEFENDANTS

Judge Amos Mazzant, III,
Judge Don Bush,
Judge Prado,
Judge Jolly,
Judge Dennis,
Judge Clements,
Judge Higginson,
ASUA J.Andrew WIlliams
FBI SA Christine EDSON
FBI SA Gwendolyn DOVE
FBI SA Gary Sanders
Judge Buttrick
Jonathan Horwich
Judge Babcock
        PATE DEFENDANTS

Attorney General of the United States, Obama  Administration
        FOGLE, FRY and PATE Defendant

Case: 1:18-cv-00697   **JURY DEMAND**
Assigned To : McFadden, Trevor N.
Assign. Date : 3/23/2018
Description: Pro Se Gen Civ. **(F-DECK)**

MAR 2 3 2018

--1--

## ORIGINAL PETITION

COMES now, before this court, Plaintiffs **Jared S. Fogle, James Nathan Fry,**

**and Frank Edwin Pate,** do hereby file this original petition against the afforementioned

Defendants.

## JURISDICTIONAL STATEMENTS

Jurisdiction in this matter is met on (2) grounds:

1) Relying on § 1965(a) of Title 18:

**Any civil action or proceeding under this chapter [18 USCS § 1967
et.seq] against any person may be instituted in the district court
of the United States for any district in which such person resides,
is found, has an agent, or transacts his affairs."**

In the instant case, the Attorney General for the United States of America,

a named Defendant in this suit, **"is found, has an agent, or transacts his affairs";**

within this district

additionally:

2) Relying on § 1965(b) of Title 18:

**In any action under section 1964 of this chapter [18 USCS § 1964]
in any district court of the United States in which it is shown that
the ends of justice require that other parties residing in any other
district to be brought before the court, the court may cause such parties
to be summoned, and process for that purpose may be served in any judicial
district of the United States by the marshall thereof."**

In the instant case, the remaining parties having contact with the District

on a regular basis, and being involved with Racketeering Enterprises spreading

across the nation, **"the ends of justice require that the other parties residing**

**in any other district be brought before the court...."**

## ARTICLE III STANDING

According to statutory construction as to "standing;" this basic element is

met as enumerated in the statute at large as follows:

3) Citing of § 1964(c)

**"Any person injured in his business or property by reason of a violation
of section 1962 of this chapter [18 USCS § 1962] may sue therefore in
any appropriate United States district court and shall recover threefold**

the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

here the DC Court of Appeals states:

"A civil RICO plaintiff, "only has [statutory] standing if, and can only recover to the extent that he has been injured in his business or property by the conduct constituting the violation." (see 796 F.3d 1)

As for "Qualified immunity as a defense," Plaintiffs offer the following:

"[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 US 223, 231, 129 S.Ct 808, 172 L.Ed 2d 565(2009)(quoting Harlow v. Fitgerald, 457 US 800, 818, 102 S.Ct 2727, 73 L.Ed 2d 396(1982))" as relied on in 818 F.Ed 1 Robinson v Pezzat, FEB 2016 DC Circuit COA.

Plaintiffs have fully outlined violative conducts of the Defendants in this instant case.

### RELIEF ENTITLED

The Plaintiffs are entitled to relief under § 1964(a) as follows:

"imposing reasonable restrictions on the future activities of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce."

further and in the foremost citing from § 1964(c) in part:

"Any person injured in his business or property by reason of a violation of section 1962 of this chapter [18 USCS § 1962] may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

It is the intention of the Plaintiffs, to seek relief not only in the pecuniary strata, yet also in the injunctive form as well, relying on the fact of their immediate release due to wrongful incarceration being such requested relief firstly, and the pecuniary and further injunctive relief to restrict the Defendants from further misconduct(s).

### ORIGINAL COMPLAINT AND ARGUMENTS

The Plaintiffs have come together, for purposes of exposing the following conducts; the Defendants involved in this proceeding, as follows, are not the normal offenders who are found in violation of such conducts;

§ 1503 of Title 18 States, when a person:

"Whoever corruptly, endeavors to influence, obstruct, or impede the due administration of justice....."

such person, is guilty of a Criminal action, punishable in law. Further, if such a party is found to be in violation of section § 1512 of Title 18 which states in part:

> "(c)(1) Alters, destroys, mutilates, or conceals a record; document, or other object, or attempts to do so, with the intent to impair the object's integrity or availibility for use in an official proceeding; or
> (c)(2) otherwise obstructs, influences or impedes any official proceeding, or attempts to so do...."

Defendants will show, that such action above exists, and it is done for the purpose of a "scheme to defraud" and "obtain property and money" by way of unlawful means, being violations of section § 1341(Mail Fraud) and § 1343 (Wire Fraud) which states:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations
>
> for the purpose of executing such scheme or artifice or attempts to do so,
>
> knowingly causes to be delivered by mail according to the direction thereon (Mail Fraud Jurisdictional Nexus and Overt Act)
>
> transmits or causes to be transmitted by means of wire, radio, or television communications in interstate or foreign commerce, any writings, for the purpose of executing such scheme or artifice.." (Wire Fraud Jurisdictional Nexus and Overt Act)

Plaintiffs will further show, that the Defendants, as confederates worked together for the further purpose of Money laundry to clean illicit gains, thru their unlawful conducts(s):

> "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which is fact involves the proceeds of specified unlawful activity --
>
> (A)(i) with the intent to promote the carrying on of specified unlawful activity;...."

Plaintiffs, hereafter proceed to allege, and enumerate the orchestrated and illicit conducts of the Defendants charged, in the following Multiple counts of illicit conducts;

### PREDICATE OFFENSES AGAINST FOGLE

1) On or about, July 7, 2015, multiple FBI agents arrived at FOGLES residence, at 6 a.m. News agency helicopters arrived at 6:10 a.m. Un-named FBI agents provided FOGLE a "warrant to search" the residence. No evidence on record in FOGLES underlying criminal process, offers any mention of a search warrant. No affidavit in support of a search warrant exists on the records. Additionally, FOGLES criminal process begins over (1) month after the July search.

"whoever corruptly -- (a) alters, destroys, mutilates, or conceals a record, documents, or other object, or attempts to do so, with the intent to impair the objects integrity of availability for use in an official proceeding.."

As such, FOGLE has been denied his rights to challenge an "official record" action, for no record of the action exists: this has lessened the integrity of the legal proceedings, and is a direct violation of § 1512 of Title 18, a predicate offense, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "any person injured in his business or property by reason of a violation of section 1962..." to be known as "Count #1"

2) On or about, 19 August 2015, while appearing before the Court of the United States, in Indianapolis, Indiana, Plaintiff FOGLE, was allowed to "plead guilty" to an illegal "charge" of "conspiracy"; this was an allegation not covered in the provisions of § 2252(a)(2) of Title 18; as such, the Magistrate Judge, and the AUSA Steve DEBROTA, did in fact:

"corruptly influence, obstruct, impede, the due administration of justice."

and therefor, the Magistrate and DEBROTA did by way of such conduct commit a direct violation of § 1503 of Title 18, a predicate offense, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "any person injured in his business or property by reason of a violation of section 1962.." to be known as "Count #2" and Count #3;

3) In further reliance on the facts as alleged in Counts 1 thru 3, FOGLE also argues and alleges the Defendant DEBROTA, did in fact, create an "artifice and scheme to defraud" for the purpose of obtaining an illegal conviction(s) against FOGLE, for the purpose of gaining unlawful access to assets of the Jared Fogle, INC. Florida Corporation, which was'nt named in the criminal proceedings. DEBROTA did in fact "materially misrepresent" that FOGLE could be charged for "conspiracy" under § 2252(a)(2); as such, DEBROTAS charge shows "specific intent" to defraud FOGLE and his Business Jared Fogle, Inc. of legally obtained assets; additionally, emails were "caused to be sent" across state lines to FOGLES legal counsel(s) in Chicago, Ill. and to media contacts following FOGLES case; these emails were in "furtherance of the scheme to defraud" as outlined and alleged; a direct violation of § 1343 (wire fraud) of Title 18, a predicate offense, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "any person injured in his business or property by reason of a violation of section 1962..." to be known as Counts 4 and 5;

4) In further reliance on the facts as alleged in Counts 4 and 5, FOGLE additionally argues, Defendant's PRATT and DEBROTA did in fact, induce pleas of "guilty" by coercion thru an illegal charge of "conspiracy", as such in fact in law, does not exist under § 2252(a)(2) of Title 18; PRATT and DEBROTA did commit a direct violation of § 1512 of Title 18, a predicate offense prohibited under § 1962(racketeering) and civilly prosecutable under § 1962(c) by "any person injured in his business or property by reason of a violation of section 1962...." known now as "Counts 6 and 7";

5) On or about June 2016, in Chicago Ill., Judges FLAUM, MANION and ALONSO, did in fact "obstruct justice" by way of "affirming" an illegal "charge of conspiracy", which in fact and law, does not exist under § 2252(a)(2); this was a direct violation of § 1503 of Title 18, a predicate offense under § 1962(racketeering) a civilly prosecutable under § 1964(c) by "any person injured in his business or property by reason of a violation of section 1962..." known now as "Counts 8, 9, and 10"

6)  In reliance on the conduct(s) alleged in counts 8, 9, and 10, Plaintiff **FOGLE**, further states the Judges FLAUM, MANION, and ALONSO did in fact make "material misrepresentations" as to the "conspiracy" charge against **FOGLE**, and by way of **"Affirming"** they did in fact "misrepresent" the facts to the records; this is clear "specific intent" to continue further the harms against **FOGLE**, and was a supportive action of an ongoing "scheme to defraud" assets from **FOGLE** AND **Jared FOGLE, INC.** a Florida Corporation, not charged in the case, yet responsible for restitution ordered; due to this conduct(s) the Defendant's did in fact, "cause wire communications" to occur, by way of Pacer system filings being emailed to **FOGLES** attorneys, and to media contacts on the case notification system: this was a direct violation of § 1343(wire Fraud), a predicate offense, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "any person injured in his business or property by reason of a violation of section 1962...." known now as "Counts 11, 12, and 13";

7)  Plaintiff **FOGLE**, does further rely on counts "1 thru 13" and that such conducts as alleged to further charge all named **FOGLE** defendants, DEBROTA, PRATT, FLAUM, MANION and ALONSO did in fact, by way of such alleged conducts, and in reliance of the resitution order of 19 August 2015:

> "attempt to conduct a financial transaction which in fact involves proceeds of specific unlawful activity..."

in direct violation of § 1956 of Title 18, "Money Laundry"; further § 1956 (B)(ii) defines "financial transaction" as:

> "For the purpose of this paragraph a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity if it is part of a set of parallel or dependent transactions any one of which involves the proceeds of specified unlawful activity and all of which are part of a single place or arrangement."

as such, Defendant's did in fact cause a direct violation of § 1956, a predicate offense, prohibited under § 1962 (racketeering) and civilly prosecutable under § 1964(c) by "any person injured in his business or property by reason of a violation of section 1962...." additionally in support § 1956 offers in part:

> "whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity -- (A)(i) with the intent to promote the carrying on of specified unlawful activity."

All charged Defendant's DEBROTA, MARGOLIS, DEVOOGHT, PRATT, FLAUM, MANION and ALONSO did commit "unlawful" and actionable conducts against **FOGLE**, by way of already alleged facts as stated in "Counts 1 thru 13"; as such, the $1.4mm in "restitution"; the $175,000 in "fines"; and the most recent order of forfeiture, on 20 FEB 2018, of $50,000 cash, and electronic devices, were all in direct violation of § 1956, a prohibited action under § 1962(racketeering) civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962...." known now as "Counts 14 thru 26";

8) Defendant's MARGOLIS and DEVOOGHT, during all times between August 2015 and January 2018, did violate their ethical duties to defend **FOGLE** from unlawful conducts as alleged in the prior counts, 1-26; for a former Federal Prosecutor, and a former State Police Chief, to ignore such fundamental and

-6-

procedural violations as "search warrants" and "conspiracy" allegations not allowed in law, reeks of intent(s) to corrupt a judicial process;

> **"whoever corruptly influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice...."**
> (citing of § 1512)

**FOGLE** charges Defendant's MARGOLIS and DEVOOGHT, did between 1 August 2015 thru about January 2018: fail to request search warrant; (1), fail to correct the "conspiracy" allegations;(2), and fail to assure that restitution was not paid to parties of which **FOGLE** did not in anyway harm in violation of any federal law(s);(3), and as such, each event is a direct vioaltion of § 1512 of Title 18, a predicate offense prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "any person injured in his business or property by reason of a violation of section 1962...." known now as "Counts 27-32";

Counts 27-28; Defendant's MARGOLIS and DEVOOGHT, during the times mentioned did fail to request evidence of affidavit, and search warrant executed at **FOGLES** residence of July 7, 2015; Specifically as such they are charged with being in violation of § 1512, "Obstruction of justice";

Counts 29 thru 30, against Defendant's MARGOLIS and DEVOOGHT; during all times in question did in fact **"corruptly influence the due administration of justice"** by way of encouraging and allowing **FOGLE** to plead guilty for an allegation of **"conspiracy"** which in facts and law, does not exist within the congressional provisions of § 2252(a)(2), of Title 18; Specifically as such, and are charged with being in violation of § 1512, "Obstruction of Justice";

Counts 31-32, against Defendant's MARGOLIS and DEVOOGHT; during all times in question, Defendant's did **"corruptly influence the due administration of justice"** by way of recommending, and encouraging **FOGLE** to pay restitution for "victims" of which he had no connection to, nor did anything of which would have been a violation of Federal Laws, to provide restitution for; Specifically as such, they are charged with being in violation of § 1512, "Obstruction of Justice";

9) 33 and 34, Defendant's PRATT and DEBROTA, did on or about 26 FEB 2018 cause and allow to be caused, a **"corrupt influence of the due administration of justice"** by the following conducts; Defendant PRATT refused to recuse herself when the argument of her "allowing **FOGLE** to plea guilty to a "conspiracy charge" was presented to the court as "bias" and she instead in her finding did in fact "alter" the content of the arguments, and word it to her advantage; PRATT did in fact, **"corruptly influence the due administration of justice"** a direct violation of § 1512 of Title 18, a predicate offense under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "any person injured in this business or property by reason of a violation of section 1962..."(count 33) and, DEBROTA allowed the Judge to enter such a finding, without any response to the motion by the USA; as such, each Defendant is charged with a direct violation of § 1512 a predicate offense under § 1962(racketeering) prohibited action under such, and civilly prosecute under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962..."

**PREDICATE ACTS WITHIN DISTRICT OF MINNESOTA**

**PREDICATE OFFENSES AGAINST PLAINTIFF FRY**

10) On or about 19 July 2011, Defendants ALEXANDER, SVENDSEN, DIXON, RANK, DOCHERTY, Judge KYLE, COLLOTON, BRIGHT, and SHEPHERD did in fact each singly and collectively allow a purposeful violation of law to be manifested against Plaintiff FRY; specifically, the Defendants did in fact, allow **FRY** to be "indicted" without a Grand Jury; Plaintiff **FRY** charges each defendant with a direct violation of § 1512 of Title 18, a predicate offense, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "Any person injured in this business or property by reason of a violation of section 1962..."; known now as "counts 35 thru 44";

11) On or about July 2011, Defendant ALEXANDER did in fact gain **FRYS** unlawful arrest lacking in evidence of a valid warrant signed by a judge; a direct violation of § 1512 under Title 18, a predicate offense, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962..." known now as "count 45";

12) Defendants ALEXANDER and KYLE did in fact obstruct justice when they allowed an **Indictment** to be worded in such a way that included prejudicial surpluses; specifically ALEXANDER and KYLE did in fact allow allegations of "aiding and abetting by others" to be attached to his charges of securities fraud and wire fraud. Defendants with intent didthis, specifically KYLE states on the record, "but there is no criminal charge in the statue of aiding and abetting. Its just another way to find somebody guilty." As such prejudicial connections were made to Petters Ponzi Scheme of which the United States admits on the records, that FRY had no knowledge of. Further, due to such allowance, ALEXANDER and KYLE did in fact **"corruptly influence justice, and the due administraion of justice"** by way of specifically and intentionally allowing the jury to be prejudiced against **FRY** for conduct of which to a reasonable party is **"conspiratorial"** in nature. Further, **FRY** avers that due to such conducts, wire transmissions were made and mailings did occur and were caused in furtherance of a "scheme to defraud" **FRY** out of his personal and business assets; these were in direct violation of § 1512, § 1343 predicate offenses, prohibited under § 1962 (racketeering) and civilly prosecutable under § 1964(c) by **"any person injured in his business on property by reason of a violation of section 1962..."**Known now as counts 46 thru 49;

13) On or about 10 July 2012, Defendants ALEXANDER, SVENDSEN, LEWIS, RANK, DOCHERTY, KYLE, COLLOTON, BRIGHT, and SHEPHERD did obstruct the fair administration of justice, specifically Defendants did deny **FRY** his rights to a valid Grand Jury on his second superceding indictment; further and in support, a Grand Jury foreperson open court return does not exist on the records; further, no signatures exist on the "indictment" showing that it was in fact validly presented to a Grand Jury; Further, no signatures exist to prove the Defendants as requred did in fact offer the document to a valid Grand Jury; a direct violation of § 1512. Further, **FRY** avers that due to such conducts, wire transmissions were made and mailings did occur and were caused in furtherance of a "scheme to defraud" **FRY** out of his personal and business assets; these were in direct violation of § 1512, § 1343 predicate offenses, prohibited under § 1962 (racketeering) and civilly prosecutable under § 1964(c) by **"any person injured in his business on property by reason of a violation of section 1962..."** Known now as counts 46 thru 49;

14)   On or about March 13, 2013, Defendants ALEXANDER, SVENDSEN, LEWIS, RANK, DOCHERTY, KYLE, COLLTON, BRIGHT, and SHEPHERD did in fact commit the actions of "Obstruction of justice" and "wire Fraud"; specifically the Defendants did knowingly and willingly, ignore the statutory requirements as to the proper process of, Grand Jury Indictments; further, the Defendant's did with "specific intent" toward the end goal of a "scheme to defraud" **FRY** out of his business and personal assets, did infact, **"corruptly influence and impede the due administration of justice"** they precisely did not perform the steps as required to provide **FRY** a valid Grand Jury over his "third superseding Indictment"; and as such, Wire communication's were sent, in furtherance of the "scheme"; specifically wire communications were sent to legal counsel and were across state lines in interstate commerce; direct violations of § 1512, § 1343 of Title 18, predicate offenses prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962...." known now as "Counts 69 thru 86";

15)   On or about May 2013, Defendants ALEXANDER, SVENDSEN, LEWIS, RANK, DOCHERTY, and KYLE did in fact knowingly and willing **"corruptly influence, obstruct, and impede the due administration of justice"** for the purpose of 'furthering a scheme to defraud' plaintiff **FRY** out of his personal and business assets; specifically the Defendants did in fact allow **FRY** to be prosecuted for a fictitious conspiracy. Although the United States admits on record that **FRY** had no knowledge of the "Petters Ponzi Scheme" the Defendants deviated from the third superceding indictment by allowing testimony to imply conspiracy when in fact **FRY** was not charged with conspiracy. Defendant KYLE did by later forfeiture note regarding **FRY**, admit that **"...here, however, no conspiricy was even charged in the third superceding indictment".** The lack of a conspiracy charge for **FRY** was deliberate as the Government admitted on record that **FRY** had **"no knowledge and did not participate"** in the Petters Ponzi scheme; however, prosecuted him as a co-conspirator anyway, corruptly influencing the jury and further obstructing justice. Courts and officers of the courts have a clear duty to correct errors in the law, even if seen on their own accord. Further, FRY avers that due to such conducts, wire transmissions were made and mailings did occur and were caused in furtherance of a "scheme to defraud" **FRY** out of his personal and business assets; these were in direct violation of § 1503, § 1512, and § 1343 predicate offenses, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by **"any person injured in his business on property by reason of a violation of section 1962..."** known now as counts 46 thru 49;

16)   On or about June 2013, Defendant's HOVEY and KLUG, did in fact obstruct justice, and commit wire fraud in furtherance of a scheme to defraud **FRY** of his personal and business assets; specifically, SA HOVEY of the FBI did in fact, commit perjury by way of testimony given; as such her comment Materially misrepresented to the records that her main function was to "investigate the Petter's Ponzi scheme"; as such, this tainted the Jury's perception of the case; further Agent KLUG, of the IRS stated that a bankruptcy remote "special purpose vehicle" had "no purpose" and was a part of the "Petters Ponzi scheme"; further tainting the Jury's perception of **FRY** and his business dealings he was charged with, as criminal. As such, this was a direct violation of § 1512, caused with "specific intent" to bias the Jury, for the purpose of "furthering the scheme to defraud" and did in fact cause "wire communications to be sent" (emails) in violation of § 1343(wire fraud), both predicate offenses, prohibited under § 1962(racketeering) civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962...." known now as "Counts 105 thru 108";

## PREDICATE ACTS AGAINST PLAINTIFF PATE

17) On or about, 14 August 2014, Defendant J. Andrew WILLIAMS, AUSA for the Eastern District of Texas for the United States, did in fact Obstruct the due administration of justice, and create a false Indictment against Plaintiff PATE; as such, WILLIAMS did knowingly and willingly with specific intent, avoid the required and Constitutionally Protected right, of providing PATE with a Grand Jury.  Further, WILLIAMS did in fact illegally forge the signature of the "grand jury foreperson", and in support of this allegation, the court record offers no evidence of an "open court return" as is mandatory and required by the Due Process rights, and the Rules of Criminal Procedure; WILLIAMS did, create a "scheme to defraud" Plaintiff PATE out of his business and personal assets, as notated in the Document he created; this action "caused hundreds of emails and mailings" to be sent, in the furtherance of this scheme.  These actions constitute direct violations of § 1512, and sections 1341 and 1343, predicate offenses, prohibited by § 1962(racketeering) civilly prosecutable by "Any person injured in his business or property by reason of a violation of section 1962...." Known now as Counts 109(Obstruction) and 110 thru 150 (wire/mail fraud)

18) On or about 12 November 2014, Defendant J.Andrew WILLIAMS, AUSA for the Eastern District of Texas for the United States, did in fact Obstruct Justice; Plaintiff relys on the Counts enumerated for Wire and Mail Fraud ((Counts 110-150) and adds an additional § 1512, Obstruction Charge in this allegation.  WILLIAMS did again, refuse yielding to Constitutional, statutory and Federal Criminal Rule requirements, by illegally, with specific intent to defraud PATE out of personal and business assets, create a second fictional Indictment; specifically, WILLIAMS state (6) other "persons known to the Grand Jury" and again did in fact, sign the document illegally as the "grand Jury foreperson"; further and again WILLIAMS did in fact, refuse to yield to the Rules of procedure, and did not present the "indictment" by way of an actual Grand Jury Foreperson "open court return" as is required under law.  This conduct, was a direct violation of § 1512, § 1503 and § 1341/1343; predicate offenses under § 1961(Racketeering) prohibited acts under 1962, and civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962...." known now as counts 151(§ 1503 violation), 152(§ 1512 violation) and 110-150(1341/1343 fraud);

19) On or about 22 May 2015, Defendant WILLIAMS did in fact Obstruct justice, while also creating wires and mailings to occur in the furtherance of his scheme to defraud PATE out of personal and business assets; specifically, WILLIAMS did in fact knowingly and willingly enter to the trial records perjured testimony thru his chief witness, Jonathan HORWICH; Williams did question HORWICH as to the nature of the charges at trial, and illicited HORWICH to state the Charged counts were for the "FOREX investment scheme" as outlined in the Indictment(s); this was in fact a lie and evidence obtained since the trial, proves that this was directly in violation of § 1512, 1502, and 1341, and 1343, predicate acts, prohibited under § 1962(racketeering) and Civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962..." known now as Counts 153 (§ 1503 violation), Count 154 (§ 1512 violation) and Counts 155-195 (1341 and 1343 violations Mail/Wire Fraud);

20) On or about 22 May 2015, Defendant WILLIAMS did in fact obstruct justice, while also creating wires and mailings to occur in the furtherance of his scheme to defraud PATE out of personal and business assets; specifically

WILLIAMS did with knowing and willing intent, enter on the records perjured testimony for the purpose of obstructing and impeding justice; further, such testimony was perjury, due to the fact the Witness Anthony MORICE, was stating that his March 2009 investment, was "FOREX" when in fact the records and his later testimony shows, that it was not "FOREX". WILLIAMS did in fact subborn perjury thru MORICE, and did so for specific intent to create a "bridge" or MORICES investments, with HORWICH's investments. These actions were direct violations of § 1503, § 1512, predicate offenses prohibited under § 1962 (racketeering) and civilly prosecutable under § 1963(c) by "Any person injured in his business or property by reason of a violation of section 1962...." known now as Counts 196(§ 1503) 197(§ 1512) and did in fact cause Wires and Mailings to occur, hereafter known as counts 198-248 (§ 1343/43 violations)

21) On or about 22 May 2015, Defendant WILLIAMS did in fact enter perjured witness testimony thru Government witness FBI SA Christine EDSON; specifically, WILLIAMS asked EDSON "can we charge him for the whole scheme?", and as such Defendant EDSON of the FBI answered in the affirmative "Yes we can"; further, WILLIAMS then clarified his question and asked: "we just have to have a wire that is within the 5 year limitations, right" Defendant EDSON of the FBI, answered, "thats correct." These are direct violations of § 1503, § 1512 predicate acts prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962...." known now as Counts 249-250(§ 1503 violations) and 251-251 (§ 1512 violations);

22) On or about 28 Dec. 2015, Defendant WILLIAMS did, post-trial, illegally obstruct justice, with intent to impede justice; specifically, WILLIAMS did, seven months post trial, "add evidence", to impede justice and attempt to cover his lack of jurisdictional (venue) coverage. These actions were direct violations of § 1503, § 1512, predicate acts prohibited under § 1962(racketeering) civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962...." Known now, as Counts 252 and 253;

23) On or about 10 June 2014, Defendant EDSON of the FBI, did in fact execute an illegal warrant to gain access to business materials; more specifically, EDSON did in fact, fail to offer Judge BUSH, any proof of probable cause, to justify the warrant; further EDSON failed to disclose that her knowledge of the property in question, came by way of an Interview with "Michael NATE"; further, FBI SA EDSON failed to disclose to Judge BUSH, that she had already had access to the property in question, by way of "Michael NATE" who unlawfully allowed EDSON to the property on or about 5 May 2014; further, Defendant EDSON failed to disclose to Judge BUSH that in fact, the (2) alleged counts of "wire fraud" were allegedly committed before the property in question was purchased by a third Party known as "Key to the City, LLC"; further Defendant Edson of the FBI failed to disclose that the (2) alleged "wire fraud" transactions showed no evidence of "FOREX" involvement on the part of the mentioned witness, "Jonathan HORWICH", yet in fact the emails in the control of EDSON, and since trial accessed by PATE, shows that Count 1 is a "loan repayment" by HORWICH to "Infinity Companies, INC; and Count 2 is a "fixed term note" making no mention of "FOREX" in any way; This conduct constitutes direct violations of § 1503, § 1512 of Title 18, predicate acts prohibited under § 1962(racketeering) and Civilly Prosecutable under § 1964(c) by "Any person injured in his business or property; known now as Counts 254 and 255 (§ 1503 and § 1513 violations);

24)  On or about 22 May 2015, Defendant EDSON did in fact while under Oath, admit to seizing and admitting evidence to the records that was done so in violation of "particularity" requirement; more specifically, EDSON of the FBI did in fact admit that over 50 of the exhibits submitted during the trial process, were in fact, **outside the scope of the warrant as issued by Judge BUSH**; During such process, Defendant MAZZANT also supported FBI SA EDSON in the obstruction, and impeding of the due administration of justice, all in violation of § 1503 and § 1512, predicate offenses prohibited under § 1962(racketeering) civilly prosecutable under § 1964(c) by "Any person injured in his business of property by reason of a violation of section 1962..."  Known now as Counts 256 and 257;

25)  On or about, May 23 2015, Defendant EDSON did in fact, admit to witholding exculpatory evidence associated with PATES criminal case; in specific allegations, Plaintiff Charges EDSON with witholding her "search log book" of which she admits at trial, on record, she neither submitted this log book to the exhibit list, nor did she provide PATE a copy of such log book showing all items taken during the search executed.  This being a direct violation of § 1512 and § 1503, by tampering with records, and impeding the due administration of justice, both predicates offenses, prohibited by § 1962 and Civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation(s) of section 1962...." conducts known now as "Counts 258 and 259" (§ 1503 violation and § 1512 violation);

26)  On or about, May 23 2015, FBI SA Gwendolyn DOVE, did in fact admit to the witholding of exculpatory evidence; specifically, during her trial testimony under exam by Plaintiff PATE, DOVE did admit to have an "authentic foresic copy" of PATES business computer, made on or about 25 July 2014; The record is void of any such evidence, and was not provided within the exhibits offered to PATE before or during Trial; This was a direct violation of § 1512, a predicate offense, prohibited under § 1962, Civilly prosecutable under § 1964(c) by "Any person injured in his business or property by reason of a violation of section 1962...." known now, as "Count 260";

27)  On or about the times of May 2014 thru July 2014, FBI SA EDSON did in fact, tamper with evidence of PATES innocence, and did so illegally and with intent to "impede the due administration of justice"; specifically, and to the pointed fact:  EDSON did remove an email to Witness MORICE, which discussed the nature of the March 2009, transaction between PATE and MORICE; the email in fact shows the true nature of the actual transaction, and it is NOT for the alleged "FOREX scheme": further, SA EDSON did in fact also remove emails regarding the Counts of convictions 1-3 in the criminal proceedings; these emails since now recovered, show the exact nature and details of the transactions; nothing in the emails mentions or discuss the "FOREX scheme"; further, the emails in detail show the investments being addressed, are in fact, completely disrelated to the "FOREX scheme"; these actions are predicate offenses, prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation of section 1962...." known now as "Counts 261-62";

28)  On or about, May 22 2015, Defendant HORWICH did under Oath, committ perjury, and made declarations of which are not true.  More specifically, HORWICH stated he was no Longer Married to Scientology Executive, Diana Hubbard, daughter of L.Ron Hubbard, founder of Scientology; and further, HORWICH stated he was "no longer affiliated with Scientology since 2004"; Both of these statements have been proven to be lies; therefore, HORWICH did in fact "tamper with a record" for the purpose of "obstructing and impeding the due administration

of justice"; direct violations of § 1503 and § 1512 of Title 18; predicate acts prohibited under § 1962(racketeering) and civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation(s) of section 1962...." Known now as "Counts 267-268, and 269-270";

29) On or about, May 22 2015, Defendant HORWICH did in fact admit to witholding evidence of the nature of exculpatory; specifically, when asked by Plaintiff PATE if any records existed of their business affairs, HORWICH replied, "I have records of everything we've ever done"; none of the noted records were admitted at trial, nor provided to PATE post trial.  Direct violations of § 1503, § 1512 predicate offenses prohibited under § 1962(racketeering) Civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation(s) of section 1962...." Known now as "Counts 271-272";

30) On or about 22 May 2015, while delivering testimony under oath, Defendant HORWICH did in fact commit perjury and lie as to the nature and details of the Charges against PATE; specifically, when asked by AUSA EDSON if the charges were for "FOREX" HORWICH with specific intent to fraud, willfully and knowingly lied and stated, "yes they are." These were direct violations of § 1503 and § 1513, predicate offenses prohibited under § 1962, Civilly prosecutable under § 1964(c) by "Any person injured in the business or property by reason of a violation(s) of section 1962...."; known now as "Count 273-274";

31) On or about, 13 May 2015, Defendants MAZZANT and MCCLOUD, did in fact, knowingly and willingly obstruct justice, by way of tampering with evidence submitted to the court records; specifically, an affidavit of fact and copies of a CD-Rom, were received by FED-EX and UPS, and were subsequently not presented to the records; later in pretrial on 19 May 2015.  Defendant MAZZANT, did in fact acknowledge the evidence, stating: "you've submitted 8 exhibits" (one being a Disk provided).  This was direct violation of § 1503 and § 1512 of Title 18, prohibited under § 1962 and civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation(s) of section 1962...." known now as "Counts 275-279";

32) During the time periods of 19 May 2015, thru 20 Feb 2018, Defendant MAZZANT continued to protect AUSA Williams from being exposed as to an invalid Grand Jury; more specifically, Defendant MAZZANT did in fact ignore and refuse to Grant PATE, a constitutional right to access the records of the Grand Jury, so as to challenge the validity of the selection; this was in direct violation, and was an "obstruction of justice" and "impeding the due administration of judicial procedure", in direct violation(s) of § 1503 and §.1512, predicate acts prohibited under section 1962 (racketeering) and civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation(s) or section 1962...." known now as "Counts 280-287";

33) On or about June 2015, Defendant MAZZANT refused to perform and find facts to sustain PATES convictions by jury; more specifically, MAZZANT instead of providing a hearing, and requiring the United States to respond, simply "advocated for the United States" effectively "practicing law from the bench" and simply state "a reasonable trier of facts would find you guilty" No facts are relied on as, none exist to sustain the convictions against PATE; direct violation of § 1503 and § 1512, in an attempt to clearly obstruct justice and tamper with the records; direct violations of § 1503 and § 1512 predicate acts prohibited under § 1962 and Civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violations(s) or section

1962...." known now as "Counts 288-289";

34) On or about 25 May 2016, Defendant MAZZANT did in fact, fail to provide proof of Court jurisdiction, when a challenge to the evidence to sustain the jurisdiction was presented; instead and in direct objection to the process, told PATE "you can take that up with the court of appeals"; and then proceeded to "obstruct justice" and "impede the due administration of justice" by sentencing PATE for the third time, illegally; direct violations of § 1503, § 1512, predicate acts prohibited under § 1962(racketeering) civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation(s) of section 1962...." known now as "Count 290-293";

35) On or about, April 2016, Defendant PRADO, HIGGINSON and CLEMENTS knowingly and willingly refused to address Plaintiff PATES "motion for acquital" as is required under Law in a direct appeal; as such, the Defendant's did in fact "impede justice" and "obstruct" justice in an attempt to deny PATE his rights to statutory and constitutional protections afforded to him under the United States Constitution; direct violations of § 1503, § 1512, predicate offenses prohibited under § 1962(racketeering) Civilly prosecutable under § 1964(c) by "any person injured in their business or property by reason of a violation of section 1962...."; known now as "Counts ........

36) On or about, Dec 2016, Defendants PRADO, HIGGINSON and CLEMENTS did on a second appeal, Refuse to Yield to Circuit Case Law, and Supreme Court Case law, supported by Constitutional law; as such, the Defendants did in fact "Obstruct justice" and "impede the due administration of justice" in a criminal appeal process in direct violation of § 1503 and § 1512, predicate offenses prohibited by § 1962, civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation of section 1962...." Known now as Counts ........

37) On or about, and between the times of October 2017, and March 2018, Defendant Lewis T. Babcock, of Denver Colorado (Chief District Judge) did in fact Obstruct and impede the due administration of justice; specifically, Judge Babcock, did in fact, fail to bring PATE forward into the court on multiple occasions, when in fact, Defendant BABCOCK had clear and convincing evidence that PATE was unlawfully incarcerated in the Littleton, CO facility, known as FCI Englewood; as such, these were direct violations of § 1503, § 1512, predicate offenses prohibited under § 1962, Civilly prosecutable under § 1964(c) by "Any person injured in their business or property by reason of a violation of section 1962...." Known now as Counts "....

### PREDICATE ACTS AGAINST PLAINTIFFS FOGLE, FRY AND PATE
### BY THE ATTORNEY GENERAL OF THE UNITED STATES
### DURING THE OBAMA ADMINISTRATION

According to § 1961, the "Attorney General" is defined as:

> "Includes the Attorney General of the United States, the
> Deputy Attorney General of the United States, the Associate
> Attorney General of the United States, or any employee of the
> Department of Justice or any employee of an department or agency
> of the United States do designated by the Attorney General to
> carry on the powers conferred on the Attorney General by this
> Capter [18 USCS § 1961]"

further, sectin (4) of § 1961 defines an "enterprise" as such:

> "enterprise includes any individual, partnership, corporation,
> association, or other legal entity and any union or group of
> individuals in fact although not a legal entity"

As such, when any officers as defined in the section, of "Attorney General"
does by way of their conduct(s), "enterprise" for the purposes of bringing
about misconduct(s), and so in doing, knowingly and willingly cause violations
of § 1961(1)(A) stating in part:
> **"any act or threat involving kidnapping, robbery, or extortion,
> which is chargeable under State Law and is punishable by imprisonment
> for more than one year;"**

In other words, when Officers of the Court (AUSA's) and Agents of the FBI and
the IRS; when Court appointed attorneys, and most importantly, when Judges of
District and  Circuit court(s), thru their conduct, break the law(s) by way
of Predicate violations as enumerated, and then rely on the U.S. Marshalls to
transport the Plaintiff(s) across state lines, without having legal authority
over such tranfers, the Plaintiff(s) singly and collectively charge the Attorney
General and all other involved employees, as outlined in this complaint with
"kidnapping", a predicate act under section 1961(1)(A) of Title 18, prohibited
by said statute, and Civilly prosecutable under § 1964(c) by "Any person injured
in his business or property by reason of a violation of section 1962.."
All charges of "kidnapping" are known now as "Counts     thru

## CLOSING ARGUMENTS

The Plaintiffs have filed this complaint jointly so as to save time and the
judicial resources, and further to illustrate and prove that a "common theme"
was used by the United States prosecution(s), involving "conspiratorial"
conduct(s) and blatant disregards as to the law(s).

All three Plaintiffs criminal cases were exposed to significant Constitutional
violations, stripping away guaranteed rights towards "Indictments", arrest and
search warrants, and due process of law.  Plaintiffs FOGLE and FRY, had blatant
"legislative" amendments to the wording of law(s); PATE and FRY, were exposed to
false testimony(s), and burden shifting tacticts misdirecting their juries.
    FRY and PATE were lead thru "conspiracy" (FRY) and "whole scheme" and a
conspiracy (PATE) trial process's, yet not charged for such conducts. Plaintiff
FRY's Judge, Richard Kyle stated this on the records post trial..."FRY was not
even charged with conspiracy"; and in PATE's trial, by way of Perjured testimony
thru SA EDSON,[FBI] placed on the records by the AUSA Williams....."we can charge
him for the whole scheme.....can we charge him for the whole scheme?....." EDSON
a Georgetown Law school graduate stated emphatically, "yes we can", when in fact
neither did a "scheme exist" nor is there a provision in the wire/mail fraud
statutes which allow such "whole scheme" charge(s).

The Defendants may deem these tactics as appropriate and even necessary in
order to achieve their goal(s) of "conviction at any cost", yet these actions
are simply but obstructive of justice, and the deprivation of constitutional
rights and are patently against the law(s).  (see Congressional Letter to AG
Eric Holder, dated April 8, 2015)

These abuses occured across three different states(Districts), involving
three different Circuit Appeal's Courts; Plaintiffs, similarily, were all
successful businessmen, entrepreneurs with no criminal history(s),and sat
in three different age demographics; in otherwords, the offenses occured
across different geographical and socioeconomic boundaries. Are we simply
to believe, that such Plaintiffs "turned to a life of crime" overnight?
Or, are we to inspect the facts, and see that three different Plaintiffs,
were targeted for their high profile business dealings, celebrity status,
and past relgious affiliations.  They were in fact agressively prosecuted
and punished for conducts neither criminal federally, nor were they given
even the slightest regard to their most basic constitutional rights.

The Plaintiffs offer the following for consideration:

    1) The actions outlined within this petition, are not "mere errors" nor
"oversights", yet are actions taken by highly educated men and women of law;
professionals, who by way of calculated choices, took deliberate action(s),
so as to subvert justice, and achieve their agenda(s). They allowed and are
allowing the noted constitutional violations to occur, and persist within
the courtrooms of the United States of America.  All the while, lacadaisical
defense attorneys sit and turn a "blind eye" to such clear and obvious judicial
misconduct(s).

The Defendants have denied the Plaintiffs their constitutional rights at law,
and therfore have denied them of the liberties and property, yet most important
their freedom(s); all purposely, with malice, and of course, illegally.

    2) Simply put, many 4th 5th and 6th Amendment violations occured which
denied the Plaintiffs of their entitled due process; the fact of which, such
courts of law, from the District to Appellate, covering three  different circuits,
all choose to blatantly ignore such basic violations, is in fact direct evidence
of multiple layers within the Department of Justice, working in concert towards
the end goal(s) of "convictions at any cost", while focusing on promotion, power,
and advancement.

    3) As such, the Defendants actionable conduct(s) have caused irrepairable
reputational and emotional damage(s), including great distress and hardship for
family members and loved ones alike.  The Defendants, whose sowrn duty is to in
fact "uphold the Constitution and laws of the United States", did knowingly, and
willfully, with the intent to cause the aformentioned violations resulting in
gross miscarriages of justice.

    Further, the Defendant's allowed, and assisted, such injustice(s) to in
fact continue, while at all times had a responsibility and duty to follow the
law(s) as Congress wrote them.

According to Blacks Law, under "Fraud" relying on John Willard, A Treatise on
Equity Jurisprudence 147(Platt Potter ed., 1879) it states:
    **"Fraud has been defined to be, any kind of artifice by which another is
    deceived. Hence, all surprise,trick, cunning, dissembling, and other
    unfair way that is used to cheat any one, is to be considered as fraud."**

Plaintiffs in reliance on all the aformentioned, have simply been subjected to
fraud; nothing more, and nothing less.

**JURY TRIAL REQUESTED**

Plaintiffs, in reliance on Rule 38(a):

> **"The right of trial by jury as declared by the seventh Amendment to the Constitution -- or as provided by federal statute -- is preserved to the parties inviolate."**

Plaintiffs do hereby demand a trial by jury, and effect service of this complaint and jury request, provided to the Defendants in accordance with Rule 38(b)(i) and filed in compliance with Rule 5(d)(2)(A), "to the clerk".

**RELIEF**

Plaintiffs request the following forms of relief, as authorized by § 1964(a)(c)

> 1) Under section 1964(a), Congress states, in part:

> **"The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this Chapter [ 18 USC § 1962] by issiuing appropriate orders, including, but not limited to:**
> **imposing reasonable restriction on the future activities of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affects interstate or foreign commerce."**

**Specific Relief Requested:**    Plaintiffs are currently and ongoing being subjected to unlawful incarcertion(s); as such, "Obstruction of justice" by way of each Respective District Court, is occuring.

Plaintiffs request Emergency relief, in the injuncitve, ORDERING the District Court(s) holding the Plaintiffs to: immediately effect a hearing to determine the facts alleged, and issue Habeas Corpus relief(s) in accordance with law;

further, upon issuance ORDER said district court to Provide a VACATE order to each respective Sentencing Court;

> 2) further in reliance of § 1964(a), Plaintiffs request:

**Specific Relief Requested:**    Plaintiffs each request that the Defendants as Officers of the Attorney General's office, and Judges within the Departement of Justice, be ORDERED each, one an all to refrain from any such  further conduct(s) as enumerated and outlined within this suit;

and further, that in the event Defendant Attorney Generals Officers, or the District and Appellate courts, be found to be guilty of such recurring conduct(s) as to predicated in this petition, that such parties be immdiately terminated and prosecuted to the fullest extent of the law(s).

--17--

3) and further, in reliance on § 1964(c) of Title 18, as to "business and personal property damage":

A) **Jared S. Fogle**, as a "person injured in his business or personal property," did by way of the actionable conduct(s) and predicate offenses as committed by the **Defendants**, "sustain damages" to his professional business career, in the amount not less than $19,000,000.00 as such, and as allowed by § 1964(c), **FOGLE**, hereby request this court Grant Judgement against the "**FOGLE**" Defendants "individually and collectively" for "threefold damgages" (treble) in the amount of, $57,000,000.00;

B) **James Nathan Fry,** as a "person injured in his business or personal property," did by way of the actionable conduct(s) and predicate offenses as committed by the **Defendants**, "sustain damages" to his business and professional career(s), in the amount not less than $38,000,000.00; as such, and as allowed by § 1964(c), **FRY**, hereby request this court Grant Judgement against the "**FRY**" Defendants "individually and collectively" for "threeford damages" (treble) in the amount of, $114,000,000.00;

C) **Frank Edwin Pate**, as a "person injured in his business and personal property." did by way of the actionable conduct(s) and predicate offenses as committed by the **Defendant**, "sustain damages" to his business and professional career(s), in the amount not less than $24,000,000.00; as such, and as allowed by § 1964(c), **PATE**, hereby request this court Grant Judgement against the"**PATE**" Defendants "individually and collectively" for "threefold damages" (treble) in the amount of, $72,000,000.00

Respectfully Submitted this 13th day of March, 2018;

**Jared S. Fogle**
Pro Se
9595 West Quincy Ave.
Littleton, CO 80123

**James Nathan Fry**
Pro Se
9595 West Quincy Ave.
Littleton, CO 80123

**Frank Edwin Pate**
Pro Se
9595 West Quincy Ave.
Littleton, CO 80123

## RULE 11 CERTIFICATION STATEMENTS

The Plaintiffs for the record, certify that this suit, in compliance with

Rule 11(b)(1)(2)and(3) is:

(1) Not being presented for any improper purpose;

(2) all claims, and legal arguments are warranted by existing
law(s);

(3) all factual contentions have evidentiary support
of, if specifically identified, will have evdientiary
support after reasonable discovery.

As signed under Penalty of Perjury

**Jared S. Fogle**

**James Nathan Fry**

**Frank Edwin Pate**