# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JARED S. FOGLE**, *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> **TANYA WALTON-PRATT** *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00697 (TNM) |

## MEMORANDUM OPINION

Plaintiff Jared S. Fogle, *pro se*, alleges that the judicial officers, prosecutors, and defense attorneys involved in his criminal proceedings as well as the "Attorney General of the United States, Obama Administration" committed various federal crimes, including obstruction of justice under 18 U.S.C. § 1503 and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Compl. 1, 3-4, ECF No. 1. He seeks $57 million in restitution. *Id.* 18 ¶ 3. Because this Court lacks subject matter jurisdiction with respect to the judges, prosecutor, and Attorney General; and because Mr. Fogle has failed to state a claim upon which relief can be granted with respect to his former defense attorneys, this case will be dismissed. *See* 28 U.S.C. § 1915A (requiring a court to review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity" and dismiss it if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."; *see also id.* § 1915(e)(2). Mr. Fogle also filed a Motion for Injunctive Relief, requesting a court order that he

be allowed to continue communicating with his co-plaintiffs,[1] and a Motion to Take Judicial Notice that the United States failed to allege any "injury-in-fact" in his 2015 criminal proceedings. Mot. for Inj. Relief, ECF No. 3; Mot. to Take Judicial Notice, ECF No. 4. Due to the case's dismissal, both motions will be denied as moot.

I.

In 2015, Mr. Fogle, represented by counsel, pled guilty to distributing and receiving, and conspiring to distribute and receive, child pornography in violation of 18 U.S.C. § 2252(a)(2), and attempting to travel to engage in illegal sexual conduct with a minor in violation of Sections 2423(b) and (e). *United States v. Fogle*, 825 F.3d 354, 356 (7th Cir. 2016); *United States v. Fogle*, No. 1:15-cr-00159, 2015 WL 7253333 (S.D. Ind. Nov. 16, 2015). Mr. Fogle is currently serving a 188-month sentence in Littleton, Colorado. *Id.*; Compl. 18. He now contends that the judges, prosecutor, and defense attorneys involved in his criminal proceedings obstructed justice and violated RICO in handling his case. *See* Compl. 1, 3. Although Mr. Fogle originally filed suit with two other inmates, there is no common factual ground among the three cases, and only Mr. Fogle's claims are considered here. Mr. Fogle, a former spokesman for Subway, Inc., demands $57 million under 18 U.S.C. § 1964(c) as treble damages for reputational harm to his professional business career. *See* Compl. 18.

---

[1] The Complaint is styled to include three plaintiffs, Mr. Fogle, James Nathan Fry, and Frank Edwin Pate, all of whom are incarcerated and challenge aspects of their criminal proceedings, but none of the factual allegations are common among them. *See* Compl. 4-7 (describing Mr. Fogle's allegations), *id*. at 8-9 (describing Mr. Fry's allegations), *id*. at 10-14 (describing Mr. Pate's allegations). The plaintiffs explain that they "have filed this complaint jointly so as to save time and the judicial resources." *Id*. at 15. The three cases have been separated for resolution. Mr. Fry's case was dismissed on May 1, 2018. Order Dismissing Pro Se Case Without Prejudice, *Fry v. Kyle*, No. 18-cv-00698 (D.D.C. 2018), ECF No. 8. Mr. Pate's case is pending. *Pate v. Mazzant*, No. 18-cv-00699 (D.D.C. 2018).

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint to contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is insufficient if it merely offers "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 546). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46.

In evaluating the dismissal of a complaint for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pled factual allegations. *See In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). *Pro se* pleadings are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court does not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Last, "[i]n determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the

3

court] may take judicial notice." *Hurd v. District of Columbia Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

A case may also be dismissed with respect to a defendant if that defendant is protected by immunity. Immunity is "jurisdictional in nature," meaning that the court lacks the ability to enter judgment against an immune defendant. *FDIC v. Meyer*, 510 U.S. 471, 475 (1995). Judges, prosecutors, and federal officials are immune from suits for civil damages for conduct within the scope of their official capacities. *Mitchell v. Forsyth*, 472 U.S. 511, 520 (1985). The doctrine of judicial immunity shields judges from lawsuits for money damages for actions that are judicial in nature. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Prosecutors receive immunity for any actions taken in the judicial phase of the criminal process. *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983). Additionally, under the doctrine of sovereign immunity, "the United States may not be sued without its consent" and "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). This immunity also applies to a federal official sued in their official capacity. *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984); s*ee also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

### III.

The doctrines of judicial, prosecutorial, and sovereign immunity bar Mr. Fogle's claims against the judicial officers, prosecutors, and former Attorney General of the United States. Additionally, Mr. Fogle has also failed to state a claim with respect to his former defense attorneys.

**A.**

Mr. Fogle has sued four federal judges: two United States District Judges and two judges on the United States Court of Appeals for the Seventh Circuit (the "Judicial Defendants"). Compl. 1. Judge Walton-Pratt sentenced Mr. Fogle after his guilty plea, and Judges Flaum, Manion, and Alonso (a district judge sitting by designation on Mr. Fogle's appeal panel) affirmed his sentence. *Fogle*, 825 F.3d at 355. Mr. Fogle alleges that the Judicial Defendants obstructed justice and violated RICO by inducing his guilty plea, entering his conspiracy conviction (which he claims is not actually a federal offense because it is not codified in 18 U.S.C. § 2252(a)(2)), affirming that conviction on appeal, scheming to defraud his corporation, Jared Fogle, Inc., of its assets, causing him to transmit wire communications across state lines to his attorneys in order to secure a wire fraud conviction, and altering the content of the attorneys' arguments in judicial proceedings. Compl. 5-6 ¶¶ 3-7, 7 ¶ 9.

The doctrine of judicial immunity protects judges from "suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram*, 986 F.2d at 1460. RICO actions against judges are barred by judicial immunity "if they simply constitute another way of attacking a judge's rulings" and where "the RICO-challenged acts are judicial in nature." *Thomas v. Wilkens*, 61 F. Supp. 3d 13, 20 (D.D.C. 2014) (internal quotation marks omitted). Asserting that a judge acted in furtherance of conspiracy or corruption does not make a judicial act "less judicial." *Id.*

The Judicial Defendants acted within their judicial capacity with respect to Mr. Fogle and therefore are protected by judicial immunity. All of the allegations that Mr. Fogle levels against the Judicial Defendants occurred while the judges were performing acts that are judicial in nature. *See, e.g.*, Compl. 5 ¶ 5 (alleging that the judges affirmed his conviction). Mr. Fogle does

5

not allege a single instance when a judicial officer acted outside the scope of the judicial role to attempt to "obstruct justice." *See* Compl. 5-7. Furthermore, Mr. Fogle's allegation that the Judicial Defendants invented a conspiracy offense to charge him with is inaccurate as a matter of law. *See* Compl. 5 ¶ 2 (calling the conspiracy charge "illegal"). While 18 U.S.C. § 2552(a)(2) does not codify a conspiracy offense, 18 U.S.C. § 371 makes it an offense for two or more persons to conspire to commit any federal offense, including distribution and receipt of child pornography under Section 2552(a)(2). *See United States v. McGarity*, 669 F.3d 1218, 1251 (11th Cir. 2012). Additionally, in *Heck v. Humphrey*, the Supreme Court held that an individual seeking damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, . . . or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994); *see also Williams v. Hill*, 74 F.3d 1339, 1430-41 (D.C. Cir. 1996) (applying *Heck* to *Bivens* actions). Because Mr. Fogle has not alleged that his conviction was set aside, he cannot recover damages for the actions of those who allegedly brought about his conviction. Therefore, Mr. Fogle's claims with respect to the Judicial Defendants will be dismissed.

B.

Mr. Fogle alleges that the Assistant United States Attorney who prosecuted him, Steven DeBrota, also obstructed justice and violated RICO. Mr. Fogle asserts that AUSA DeBrota fabricated an illegal conspiracy charge against him (already discussed and dispelled above), defrauded him in order to gain access to the assets of Jared Fogle, Inc., caused Mr. Fogle to send emails across state lines to his attorneys in order to induce him to commit wire fraud, induced a guilty plea by coercion, and knowingly allowed Judge Walton-Pratt to enter findings that altered

the content of the attorneys' arguments in his proceedings. Compl. 5 ¶¶ 2-4, 7 ¶ 9.

Prosecutorial immunity protects AUSA DeBrota from suits for money damages. A prosecutor is entitled to "absolute immunity" when he acts as an advocate, "that is, in his role as a participant in the judicial phase of the criminal process." *Gray*, 712 F.2d at 499. Mr. Fogle alleges no facts to support that AUSA DeBrota was acting outside of the scope of his prosecutorial role; he only makes threadbare legal conclusions that AUSA DeBrota acted with a corrupt intent. *See, e.g.*, Compl. 5 ¶¶ 3-4 ("Defendant DEBROTA, did in fact, create an 'artifice and scheme to defraud' for the purpose of obtaining an illegal conviction(s) against FOGLE, for the purpose of gaining unlawful access to assets of the Jared Fogle, INC. Florida Corporation, . . . as such, DEBROTAS charge shows 'specific intent' to defraud FOGLE"). Mr. Fogle's conclusory allegations do not support a charge that AUSA DeBrota acted outside his legitimate authority to pursue criminal charges, and Mr. Fogle's action against AUSA DeBrota is also barred by *Heck v. Humphrey*. Therefore, the claim against AUSA DeBrota will be dismissed.

### C.

Mr. Fogle also filed suit against two out of the three attorneys who represented him in his criminal proceedings in 2015. Compl. 1; *United States v. Fogle*, No. 1:15-cr-00159, 2015 WL 7253333 (S.D. Ind. Nov. 16, 2015). Mr. Fogle contends that they "violated their ethical duties" by failing to request the search warrant or the affidavit supporting the application for the warrant authorizing the search of Mr. Fogle's home, failing to correct the prosecution's leveling of a

conspiracy charge[2] and encouraging Mr. Fogle to plead guilty to it, and failing to ensure Mr. Fogle's restitution was not paid to unharmed parties. Compl. 6-7.

Mr. Fogle fails to make a substantive argument that his former attorneys obstructed justice or violated RICO. Obstruction of justice requires "an intent to influence judicial or grand jury proceedings" and that the accused take action that has the "natural and probable effect of interfering with the due administration of justice." *United States v. Aguilar*, 515 U.S. 593, 599 (1995). Mr. Fogle has established no factual basis for his former attorneys having an intent to influence judicial proceedings or to interfere with the "due administration of justice." *Id.* He simply labels their actions as "reek[ing] of intent to corrupt a judicial process" and cites to the obstruction of justice statute. Compl. 7. Furthermore, to be liable under RICO, a defendant must have directed an enterprise to commit a pattern of fraudulent activity. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Mr. Fogle makes no reference to any enterprise through which the attorneys might have been conducting their affairs. *See generally* Compl. 6-7.

The allegations Mr. Fogle makes regarding corruption or obstruction of justice are legal conclusions without any support based on the facts that he has alleged. *See id.*; *Twombly*, 550 U.S. at 555 (explaining that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Mr. Fogle's complaint against his former attorneys, assuming the truth of the factual allegations made, appears at most to be a mere disagreement over trial strategy. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984)). On the facts as alleged, there

---

[2] As already described above in Section III.A., the conspiracy charge is a legitimate criminal offense.

is no factual basis for an obstruction of justice or RICO claim. Therefore, the claims against Messrs. Margolis and DeVooght will be dismissed.

### D.

Mr. Fogle has also filed suit against the "Attorney General of the United States, Obama Administration." Compl. 1, 14-15. Mr. Fogle has not named a specific holder of that office other than to name the office itself. *See generally id.* Under the doctrine of sovereign immunity, the United States cannot be sued unless the government consents to the lawsuit. *Mitchell*, 463 U.S. at 212. Furthermore, sovereign immunity bars suits for money damages against officials acting in their official capacity. *Clark*, 750 F.2d at 103. Mr. Fogle has not argued that the Attorney General waived his entitlement to sovereign immunity or acted outside of his official capacity. *See generally* Compl. 14-15. On the contrary, his allegations indicate that he is suing the Attorney General merely because inferior officers have allegedly violated the law, which means that the only plausible basis for the Attorney General's liability are actions undertaken in his official capacity. Compl. 15. Since Mr. Fogle has failed to establish that sovereign immunity was waived here or that the Attorney General acted outside of his official capacity, the claims against him will be dismissed.

IV.

For the foregoing reasons, the Complaint will be dismissed with prejudice. The Plaintiff's Motion for Injunctive Relief and Motion to Take Judicial Notice will be denied as moot. A separate order will issue.

Dated: July 12, 2018

TREVOR N. MCFADDEN
United States District Judge